O’Brien, J.
Upon a motion for a reargument, the learned counsel for the plaintiff calls our attention to two facts which he claims have been overlooked in the disposition of the case, but which, we think, are covered by the opinion. The first is, that no execution was issued in one of the cases to the county of Albany, the county of the residence of the judgment debtor, until March, 1894. We did not overlook that fact, but did not regard it as material; since, when it was issued, the judgment was not a lien on any real property in that county, and could not be effective to exhaust the remedy at law. Besides, if an execution had been issued to another county more than ten years before, which complied with § 2458 of the Code, and entitled the plaintiff to institute the proceedings, then that would set the bar of the statute running. If it was not such an execution, the second one was ineffectual to exhaust the remedy at law.
The next point is, that we have overlooked the fact that § 1252 requires nothing more, so far as the plaintiff is concerned, to revive the lien of the judgment, than the delivery of an execution to the sheriff, and then that officer must himself do the things required by that section to make the execution effective. We do not think that the plaintiff’s counsel is correct in that contention ; but it is not very material, since' neither the plaintiff nor the sheriff did, in fact, comply with it. It matters little upon whom the duty rested of preparing, filing and procuring the notice to be recorded which is required by that section, so long as it was not done. But we think that, even if it had been complied with, *625 that section furnishes no sufficient basis for the proceedings. The •execution required is not that prescribed by § 1252, but by § 2458. The former section provides for a proceeding to sell specific property, and is not mentioned in § 2435 as one of the conditions to be complied with in order to entitle the creditor to maintain the proceedings.
The motion for reargument must be denied, with ten dollars •costs.
All concur. Motion denied.